IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Patricia A. Aurand, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:07-3968-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Patricia A. Aurand ("Aurand"), seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of Aurand's application for disability insurance benefits ("DIB") and supplemental security income benefits ("SSI") under Titles II and XVI of the Social Security Act. In his Report and Recommendation, United States Magistrate Judge William M. Catoe recommends reversing the Commissioner's decision and remanding the matter to the Commissioner for further proceedings. The Commissioner objects to the recommendation. For the reasons stated below, the court adopts the magistrate judge's

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

recommendation, reverses the Commissioner's decision, and remands the matter for further consideration.

## I. Factual and Procedural Background

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 17-23), and summarized as follows.  At the time of the ALJ's decision on April 20, 2007, Aurand was a forty-four-year-old woman with a high school education and one year of college education.  (Id. at 27, 30.)  Her past relevant employment includes work as a telemarketer and dietary aide.  (Id. at 30.)  Aurand filed an application for DIB and SSI on January 25, 2005.  She alleged that she had been disabled since December 10, 2003, due to fibromyalgia, back pain, knee pain, depression, and anxiety.  Subsequently, Aurand amended her disability onset date to May 10, 2004.  (Id. at 19.)

Aurand's application was denied initially and on reconsideration.  (Id. at 60, 70.)  After a hearing held January 25, 2007, the ALJ issued a decision dated April 20, 2007, denying benefits.  (R. at 24.)  The ALJ's decision became final upon approval of the Appeals Council on October 26, 2007.  The Plaintiff filed the instant action on December 10, 2007.

## II. Report and Recommendation

Magistrate Judge Catoe recommends that the case be remanded for further proceedings because the ALJ failed to (1) consider the combined effects of all of Aurand's medical impairments, (2) consider all of the medical evidence in determining Aurand's residual functional capacity ("RFC"), (3) consider her treating physician's opinion in light of all the medical evidence, (4) consider her anxiety disorder as an impairment and conduct the function-

by-function analysis required for mental impairments, and (5) obtain the testimony of a vocational expert ("VE").  (Report & Recommendation, generally.)

### III. DISCUSSION OF THE LAW

#### A.  Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  In other words, the court "must uphold the factual findings of the [Commissioner only] if they are supported by substantial evidence *and* were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (emphasis added).

"A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation marks omitted).  Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the Commissioner's finding even if the court disagrees with it.  See id.

#### B. Objections

The Commissioner generally objects to the magistrate judge's Report and Recommendation arguing that the Commissioner's decision is supported by substantial evidence.  (Objections 1.)  Specifically, the Commissioner argues that (1) the ALJ considered all of Aurand's impairments in combination, (2) the ALJ was not required to conduct a function-

by-function analysis of Aurand's anxiety disorder as the ALJ implicitly found that it was not supported by the record, and (3) the ALJ was not required to obtain the testimony of a VE. (Objections, generally.)

### 1. Severe and Non-Severe Impairments

First, the Commissioner objects to the magistrate judge's conclusion that the ALJ failed to consider all of the relevant medical evidence and the combined effects of all of Aurand's medical impairments.  The magistrate judge found that the ALJ failed to consider Aurand's "low back and cervical impairments, anxiety, panic disorder, and the side effects of her medications."  (Report and Recommendation 14.)  The Commissioner argues that the ALJ is "not required to evaluate every impairment at step two."  (Objections 1.)  Instead, the Commissioner submits that "once Plaintiff makes a threshold showing of any 'severe' impairments, the ALJ proceeds with the sequential evaluation process and considers all impairments, both severe and non-severe."  (Id.)  In addition, the Commissioner alleges that "to the extent that the ALJ did not properly consider all of Plaintiff's impairments 'in combination,' . . . an ALJ's discussion of a claimant's individual impairments and statements that he considered the entire record are sufficient to show that he considered them in combination."  (Id.)

At step two, the ALJ concluded that Aurand suffered from the following severe impairments:  "fibromyalgia, knee pain, obesity, and depression."  (R. at 20.)  "At step two, the SSA will find nondisability unless the claimant shows that he has a severe impairment, defined as 'any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities.'"  Barnhart v. Thomas, 540 U.S. 20, 24

(2003) (quoting 20 C.F.R. § 404.1520(c)). The Commissioner is correct that "[a]s long as a claimant has any severe impairment or combination of impairments," step two is satisfied and "the ALJ must proceed beyond step two and consider all of the impairments (including non-severe impairments) at the remaining steps of the sequential evaluation process." Pittman v. Astrue, No. 5:08-CV-83-FL, 2008 WL 4594574, at *4 (E.D.N.C. Oct. 10, 2008) (unpublished).

However, at the remaining steps in the sequential process, the ALJ must consider the limitations imposed by all of an individual's impairments. SSR 96-8p, at * 1 (1996). When a claimant suffers from multiple impairments, the ALJ must consider their combined effect in determining whether the claimant is disabled. Walker v. Bowen, 889 F.2d 47, 49-50 (4th Cir. 1989). "Congress explicitly requires that the combined effect of all the individual's impairments be considered, without regard to whether any such impairment if considered separately would be sufficiently severe." Id. at 49 (internal quotation marks omitted). "As a corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." Id. at 50.

The court has reviewed the ALJ's decision and is unable to discern whether the ALJ considered all of Aurand's impairments either individually or in combination. Nowhere does the ALJ adequately consider Aurand's low back and cervical impairments, anxiety, panic disorder, and the side effects of her medications. Moreover, even if the ALJ found that these impairments in isolation were not severe, they are arguably medically-determinable impairments that must be considered in combination.

5

In his decision, the ALJ noted that x-rays of Aurand's back revealed only mild lower lumbar degenerative changes. (R. at 23, 131, 168, 170.) However, the ALJ failed to discuss other evidence in the record indicating that Aurand had lumbar radiculopathy and required a cane for walking. (Id. at 203, 237, 240, 243.) In addition, the medical records show that Aurand's back condition necessitated narcotic pain medication and epidural injections, and that Aurand experienced muscle spasms, decreased motor strength, and limited range of motion in her back on several occasions. (Id. at 140, 152, 157, 160, 167, 202.)

Further, the ALJ only mentioned once that Aurand had received treatment for anxiety in 2001 and gave no further consideration of her alleged anxiety disorder. However, the medical evidence reveals that Aurand experienced continuing anxiety with panic attacks despite being on anti-anxiety medication. (Id. at 201, 202, 213, 219, 243, 246.)

Finally, with respect to the effect of pain medication, there is evidence that Aurand experienced fatigue in part as a result of pain medication. (Id. at 141, 217, 224.) While the ALJ is not required to specifically list every piece of evidence in his decision, the ALJ must identify and adequately explain the combined effects of a claimant's impairments. The court is unable to determine if the ALJ considered all of Aurand's impairments in isolation or in combination. On remand, the ALJ should specify his reasons for finding Aurand's back impairments, anxiety, panic disorder, and the effects of medication to be non-severe. Irrespective of whether the impairments are found to be severe, the ALJ should consider all of Aurand's impairments in combination in determining her RFC.

6

### 2. Function-by-Function Assessment of Mental Impairments

Second, the Commissioner objects to the magistrate judge's conclusion that the ALJ did not consider Aurand's anxiety disorder as an impairment in conducting the function-by-function assessment required by 20 C.F.R. § 404.1520a. The Commissioner argues that "an express function by function analysis is not always necessary and may be implicit in the ALJ's residual functional capacity findings." (Objections 3.) The "Commissioner submits that the ALJ imposed all of the limitations he found were supported by the record by limiting Plaintiff to low semi-skilled sedentary work and that a further explanation was not required." (Id.) If the ALJ had explicitly found that Aurand's alleged anxiety disorder was not supported by the record, then a function-by-function analysis would be unnecessary. Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005) ("Preparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary."). However, as set forth above, the court is unable to discern that the ALJ considered Aurand's anxiety disorder at all. Therefore, the ALJ must determine whether Aurand's anxiety disorder is supported by the record, and if so, evaluate the severity of Aurand's anxiety disorder utilizing the function-by-function assessment set forth in § 404.1520a(c).

### 3. Vocational Expert

Finally, the Commissioner objects to the magistrate judge's finding that the ALJ "should have called a vocational expert to determine, at step four, if Plaintiff could perform her past relevant work as a telemarketer, because her severe mental impairments represent a significant nonexertional limitation." (Objections 4 (internal quotation marks omitted).) The Commissioner alleges that "the ALJ's residual functional capacity assessment reflects that he

found Plaintiff did not have significant nonexertional limitations so as to necessitate vocational expert testimony." (Objections 4.) Although the ALJ is not required to call a VE to determine whether a claimant could perform past relevant work at step four of the five-step sequential process, the magistrate judge indicated that it would be helpful and recommended that the ALJ be instructed to do so on remand.

As discussed above, the court is unable to discern whether the ALJ adequately considered all of Aurand's nonexertional impairments. Mental impairments, postural-manipulative impairments, hearing impairments, visual impairments, and environmental restrictions are examples of nonexertional impairments. SSR 85-15, generally (1984).

Therefore, on remand the ALJ is instructed to consider all of Aurand's mental impairments and specifically address whether Aurand suffers from any significant nonexertional limitations. "The ALJ must make credibility determinations when there is a question regarding the existence or severity of a nonexertional impairment, and these determinations must 'refer specifically to the evidence informing the ALJ's conclusion.'" Pridemore v. Chater, No. 94-1044, 1995 WL 761100, at *2 (4th Cir. Dec. 7, 1995) (unpublished) (quoting Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir.1985)).

If the ALJ determines that Aurand suffers from significant nonexertional limitations, then, in determining whether Aurand can perform her past relevant work at step four, the ALJ should consider whether the testimony of a VE would be helpful. 20 C.F.R. § 404.1560(b)(2) ("[A] vocational expert or specialist may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the

claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy."); SSR 82-62, at * 3 (1981) ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work."). If, on remand, the ALJ concludes that Aurand cannot perform her past relevant work and proceeds to step five, then the ALJ must obtain the testimony of a VE. Chester v. Bowen, 792 F.2d 129, 132 (11th Cir. 1986) ("The burden of showing by substantial evidence that a person who can no longer perform his former job can engage in other substantial gainful activity is in almost all cases satisfied only through the use of vocational expert testimony.").

In sum, based on the record before this court, the court is unable to determine whether the ALJ's decision is supported by substantial evidence. The court's decision in this matter should not construed to indicate that the court has an opinion regarding whether Aurand is entitled to benefits under the Social Security Act. Based on the foregoing, the court adopts Magistrate Judge Catoe's Report and Recommendation to the extent it is consistent with this order.

Therefore, it is

**ORDERED** that the decision of the Commissioner is reversed and the case is remanded for further consideration.

**IT IS SO ORDERED**.

                                            s/Henry M. Herlong, Jr.
                                            United States District Judge

Greenville, South Carolina
February 12, 2009